# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8049 | **DATE** | 7/12/2004 |
| **CASE TITLE** | Vicki A. Welsh vs. William A. Halter | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act [20-1].

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated on the attached memorandum opinion and order, plaintiff's motion for attorneys' fees is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | JUL 1 4 2004 | | |
| X | Docketing to mail notices. | | date docketed | | 25 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | | |
| RJ | courtroom deputy's initials | 2004 JUL 13 AM 9:11 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

VICKI A. WELSH, )
Social Security No. 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, )
)
Plaintiff, )
) Case No. 99 C 8049
v. )
) Honorable Joan B. Gottschall
WILLIAM A. HALTER, Acting )
Commissioner of Social Security, )
)
Defendant. )



DOCKETED
JUL 14 2004

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Attorneys' Fees Pursuant to the Equal Access to

Justice Act. The government opposes the motion on the grounds that its position was substantially

justified and that the requested fees are unreasonable. The motion for fees is granted, although the

government's objection to the manner in which plaintiff's counsel indexed her fees is sustained and

recalculation will be necessary..

This court remanded this case to the Commissioner, finding that undisputed evidence of

plaintiff's mental ailments had not been considered either alone or in combination with her other

impairments in determining her residual functional capacity, if any. Plaintiff sought disability

compensation based upon complaints of a number of ailments, some of which the ALJ found to be

severe, and some of which, including her claimed mental impairments, the ALJ found to be not

severe. With respect to her claimed mental impairments, plaintiff, who has intellectual functioning

in the low normal range, complained of anxiety and nervousness, causing her to be easily

overwhelmed in some situations. Dr. Alexander Eschbach, a licensed clinical physician, evaluated plaintiff in 1993 in a neuropsychological screening. He opined that plaintiff could become emotionally overwhelmed with duties requiring problem-solving and could therefore perform only simple repetitive duties requiring no decision making or executive functioning. He also concluded that plaintiff, who is hearing-impaired, could better perform easily-learned light manual tasks than verbally-mediated ones. At or about the same time, plaintiff was evaluated by Dr. Phillip Mankoff, a state clinical psychologist, who found plaintiff to be easily overwhelmed and subject to anxiety; he similarly concluded that plaintiff would not do well with duties requiring problem solving as she would become easily emotionally overwhelmed and should pursue easily-learned, repetitive light manual tasks.

The ALJ concluded at Step 4 that claimant lacked the residual functional capacity to return to her past work as cook, retail clerk or factory worker, but concluded that she could perform light, unskilled work and accordingly found that she was not disabled. In reaching this conclusion, however, the ALJ did not mention the evidence of claimant's mental impairments which, while non-severe, limit her to jobs consisting only of easily-learned, repetitive tasks. Since the ALJ did not discuss plaintiff's mental impairments at Steps 4 and 5, it is impossible to determine whether he considered them in reaching his determination that, because there are jobs plaintiff can perform, she is not disabled. There is nothing in the record from which it can be inferred that the ALJ even considered whether claimant's nervousness and inability to cope with certain kinds of stress could, in combination with her physical impairments such as her ulcer, affect her ability to do light work. Because of the absence of any indication that the ALJ considered these issues, the case was remanded.

2

Under the Equal Access to Justice Act, 28 U.S.C. §2412(d), plaintiff, as the prevailing party, is entitled to fees "unless the court finds that the position of the United States was substantially justified . . . ." As the government points out, "The test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action . . . ." *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994).

With all due respect, the court cannot find the government's position substantially justified in this case. This case was about nothing as much as the need to assess the impact of plaintiff's numerous ailments on her ability to work. With evidence of anxiety and nervousness from experts who explicitly opined that these problems would limit the type of work plaintiff could do, there was no justifiable reason for failing to address these conditions at Step 5. While the court can sympathize with the ALJ's difficulty in considering everything that needed to be considered in a case of this complexity, the fact that it may be easy to understand how this issue was overlooked does not make the agency's position substantially justified. This evidence had to be considered, and the importance of considering it does not seem to this court to be subject to reasonable dispute.

The government argues that the fact that it prevailed before the Magistrate Judge lends support to a finding that its position was substantially justified. This is a useful rule of thumb, although the court notes that the Magistrate Judge was himself troubled by the ALJ's failure to develop the evidence related to the impact of plaintiff's mental impairments on her ability to work. *Report and Recommendation* at 8-9. In any event, this court's review of the record has persuaded it that a responsible determination of plaintiff's residual functional capacity could not be made without consideration of this issue. Nor was the issue of mental impairments obscure; the ALJ himself considered it elsewhere in his analysis. Therefore, the court concludes that the agency's

3

position in attempting to sustain this determination was not substantially justified.

The government also objects to the amount of fees claimed by plaintiff, arguing both that plaintiff erroneously calculated an hourly rate based on the current CPI applied to the statutory rate, rather than establishing an hourly adjusted rate for each period during which work was performed and that plaintiff's recording of hours in 15 minute increments makes plaintiff's alleged hours worked likely to be erroneous.

Under 28 U.S.C. §2412(d)(2)(A)(ii), absent special circumstances which plaintiff does not argue are applicable here, attorneys' fees awarded pursuant to the EAJA shall not exceed the statutory rate, now $125 per hour. The government cites *Marcus v. Shalala*, 17 F.3d 1033, 1039 (7th Cir. 1994), for the proposition that in calculating that fee amount, plaintiff may not calculate a single hourly rate for the whole period at issue as was done here, but rather must establish an hourly rate for each period during which work was performed. *Marcus* held, as the government states, that while the EAJA permits an upward adjustment to compensate for an increase in the cost of living, it permits such an increase only to the extent necessary to update itself, to ensure that the statutory cap will not be eroded by inflation. To index fees at current rates does more than this, essentially compensating plaintiff's counsel for the delay between the time the fees were earned and the date of judgment, and hence compensating for the opportunity cost of capital and the inflation rate. Because principles of sovereign immunity generally prohibit an award for either of these elements against the United States, and the EAJA's provision for a cost of living adjustment cannot be construed as an explicit waiver of sovereign immunity such that a district court could award the equivalent of prejudgment interest to compensate for a delay in payment, fees may not be indexed at current rates but must be adjusted based on when they were incurred.

4

Plaintiff does not address the government's citation of *Marcus* but rather relies on a number of district court cases that predated it. The court therefore concludes that attorneys' fees must be indexed as of the time they were incurred, rather than based on the rate in effect at the conclusion of the case.

The government also objects to plaintiff's recordation of fees in 15 minute increments. Plaintiff cites numerous cases which permit billing in quarter hour increments, and the court sees no reason why billing in quarter hour increments leads to excessive billing. *See, e.g., Willis v. Barnhart*, 2002 WL 31779907 (N.D.Ill. Dec. 11, 2002), at *2.

Plaintiff is awarded attorneys' fees, including 3 hours additional compensation for preparation of her reply brief. Plaintiff shall submit a revised petition, indexed in conformity with the principle announced in *Marcus v. Shalala*, within ten days. If defendant has any objection to the cost of living calculation, it may file an objection within seven days thereafter.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATE: July 12, 2004

5